**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| JAMIL JOHNSON, *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. AW-09-2594 |
| | * | |
| STATE OF MARYLAND, *et al.*, | * | |
| | * | |
| Defendants. | * | |

*****************************************************************************

**MEMORANDUM OPINION**

Plaintiffs Jamil Johnson ("Mr. Johnson"), Abina Johnson ("Ms. Johnson") and Jamil

Johnson, Jr. bring this action against Defendants State of Maryland ("State"), Rex W. Coffey in his

official capacity as Sheriff for Charles County, Corporal Robert G. Kuhnow, Jr. ("Corporal

Kuhnow"), and the Charles County Sheriff's Office, alleging federal and state civil rights violations.

Currently pending before the Court is Defendants' Motion to Dismiss, or Alternatively, for

Summary Judgment (Doc. No. 6). The Court has reviewed the entire record, as well as the pleadings

and exhibits, including the affidavit in support of the application for the search and seizure warrant

consisting of five pages, with respect to the instant motion. The issues have been fully briefed, and

no hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2008). For the reasons stated more

fully below, the Court will GRANT Defendants' Motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of Defendants' execution of a search and seizure warrant at the

Johnsons' residence in White Plains, Maryland. The warrant and accompanying affidavit targeted

Yusuf Khalil Jackson, a guest who had previously resided with the Johnsons for approximately six

months. Corporal Kuhnow applied for a search and seizure warrant in the Circuit Court for Charles County on September 20, 2007, which Judge Steven Chappelle of the Circuit Court for Charles County granted on that same day. Defendant Kuhnow wrote an affidavit for the application for a search and seizure warrant, which stated that a confidential source had reported observation of individuals smoking what the source believed to be marijuana in the yard outside the Johnsons' residence, and observation of vehicles making short visits to the Johnsons' residence, and that at some point between September 9, 2007, and September 16, 2007, Corporal Kuhnow searched a trash bag on the curb outside of the Johnson's residence, and discovered marijuana, loose tobacco, a hospital wrist band imprinted with Yusuf K. Jackson's name, and a piece of mail addressed to Yusuf Khalil Jackson at the Johnsons' residence. Based on that affidavit, Judge Chappelle signed a warrant authorizing the search of 3824 Whipporwill Lane, which was the Johnsons' residence, and "people and vehicles described on page one of [the] affidavit and any other person conducting him or herself in a manner similar to that of the named people," and granting authority to seize "any and all controlled dangerous substances, scales, packaging materials," and other illegal drug-related materials and weapons. At about 5:00 a.m. on October 2, 2007, between fifteen and twenty Charles County Deputy Sheriffs knocked on the door of the Johnsons' residence and a few moments later, used a battering ram to break open the screen door and front door. These sheriffs, wielding guns, then ordered Mr. Johnson to lie face-down on the floor, handcuffed him, and forced him to remain in this position for approximately twenty minutes, before directing him and Mrs. Johnson, who had also been handcuffed, to sit on the couch. The sheriffs then searched the Johnsons' house for one and a half hours. At the conclusion of the search, the officers seized only three items of mail.

On October 2, 2009, Plaintiffs brought this six-count suit under: 42 U.S.C. § 1983 as to

Defendant Kuhnow (Count I); Article 26 of the Maryland Declaration of Rights as to Defendants

State, Charles County Deputy Sheriffs, and Charles County Sheriff's Office (Count II); Article

24 of the Maryland Declaration of Rights as to Defendants State, Charles County Deputy

Sheriffs, and Charles County Sheriff's Office (Count III); false imprisonment as to Defendants

Deputy Sheriffs of the Charles County Sheriff's Office (Count IV); Article 24 of the Maryland

Declaration of Rights as to Defendants Kuhnow, the Charles County Sheriff's Office, Deputy

Sheriffs of the Charles County Sheriffs' Office, and State (Count V); and Negligent

Hiring/Retention as to Defendant Sheriff Coffey and State (Count VI). Defendants move the

Court to dismiss, or in the alternative to grant summary judgment to Defendants on all counts of

the Complaint.

## II.  STANDARD OF REVIEW

### A.      Motion to Dismiss

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to

test the sufficiency of the plaintiff's complaint.  *See Edwards v. City of Goldsboro*, 178 F.3d 231,

243 (4th Cir. 1999).  Except in certain specified cases, a plaintiff's complaint need only satisfy the

"simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002),

which requires a "short and plain statement of the claim showing that the pleader is entitled to

relief."  Fed. R. Civ. P. 8(a)(2).  In two recent cases, the United States Supreme Court clarified the

standard applicable to Rule 12(b)(6) motions.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  Those cases make clear that Rule 8 "requires a

'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3

(2007). That showing must consist of at least "enough facts to state a claim to relief that is plausible

3

on its face." *Id.* at 570.

In its determination, the Court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). In addressing a motion to dismiss, a court should first review a complaint to determine what pleadings are entitled to the assumption of truth. *See Iqbal*, 129 S. Ct. at 1949-50. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. Indeed, "the Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context." *Id.* at 1954. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

### B. Motion for Summary Judgment

Summary judgment is only appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). The Court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence." *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496,

520 (1991) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). To defeat a

motion for summary judgment, the nonmoving party must come forward with affidavits or other

similar evidence to show that a genuine issue of material fact exists. *See Matsushita Elec. Indus.*

*Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). While the evidence of the nonmoving

party is to be believed and all justifiable inferences drawn in his or her favor, a party cannot

create a genuine dispute of material fact through mere speculation or compilation of inferences.

*See Deans v. CSX Transp., Inc.*, 152 F.3d 326, 330-31 (4th Cir. 1998). Additionally, hearsay

statements or conclusory statements with no evidentiary basis cannot support or defeat a motion

for summary judgment. *See Greensboro Prof'l Fire Fighters Ass'n, Local 3157 v. City of*

*Greensboro*, 64 F.3d 962, 967 (4th Cir. 1995).

## III. ANALYSIS

Because Plaintiffs have conceded to the dismissal of all claims except those against the

individual officer Kuhnow, the only claims still at issue in this case are a Section 1983 claim

against Kuhnow for failing to establish probable cause in the application for his warrant, and a

claim under Article 24 of the Maryland Declaration of Rights, for violation of due process in

failing to conduct a more thorough investigation prior to obtaining the search warrant. In

essence, the Plaintiff asks the Court to find that Kuhnow failed to present a sufficient basis for a

finding of probable cause. The Court has reviewed the allegations set forth in the affidavit in

support of the application for the search and seizure warrant (Doc. No. 6, Ex. 2), however, and

believes that the evidence of illegal activity in the Johnsons' residence was sufficient to establish

probable cause for issuance of the search and seizure warrant. The affidavit indicates that illegal

activity was reported by a confidential informant, that Kuhnow retrieved items in the trash

linking the Johnsons' residence to illegal activity, namely mail attributable to the suspect and marijuana which was tested and confirmed to be marijuana. Accordingly the Court concludes, as did the issuing judge, that the affidavit provided sufficient probable cause to constitutionally and legally support the search.

### A. Claims against the State of Maryland, Charles County Sheriff Rex Coffey, and Charles County Sheriff's Office

Plaintiffs oppose Defendants' Motion only as to Defendant Kuhnow and explicitly concede to the dismissal of all claims against the State of Maryland and Charles County Sheriff Rex Coffey, and apparently do not oppose the dismissal of the Charles County Sheriff's Office. Accordingly, the claims under Article 26 of the Maryland Declaration of Rights (Count I), Article 24 of the Maryland Declaration of Rights as to Defendants State, Charles County Deputy Sheriffs, and Charles County Sheriff's Office (Count III), false imprisonment (Count IV), and Negligent Hiring/Retention (Count VI) are dismissed. The only remaining claims are under 42 U.S.C. § 1983 as to Defendant Kuhnow (Count I) and Article 24 of the Maryland Declaration of Rights as to Defendants Kuhnow (Count V).

### B. 42 U.S.C. § 1983 (Count I)

Plaintiff alleges that the August 3, 2006, arrest was invalid under the Fourth Amendment because Kuhnow did not have probable cause to obtain the warrant to search the Johnson's residence because the target of the search, Mr. Khalil, did not reside at that address when the warrant was executed, and further investigation would have revealed Mr. Khalil's departure from that address. Defendant argues that Defendant Kuhnow clearly had probable cause to search the Johnsons' residence because it was reasonable for him to believe that he would find the items he sought to seize at the Johnsons' residence based on the advice of a confidential informant and his

search of the garbage.

The Court agrees with Defendant that Kuhnow did not violate the Fourth Amendment by representing that he had probable cause to believe Mr. Khalil and controlled substances could be found at the Johnsons' residence, when Kuhnow had discovered marijuana in the Johnsons' residence's garbage no more than two weeks earlier, and also discovered mail addressed to a man who had a past history of drug possession, at the Johnsons' residence's address. "[T]he probable-cause standard is . . . a 'practical, nontechnical conception.' 'In dealing with probable cause, . . . as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life.'" *Illinois v. Gates*, 462 U.S. 213, 231 (U.S. 1983) (citations omitted). The Court believes that the affidavit in support of the application for search and seizure warrant sets forth sufficient probable cause to constitutionally support the search. Kuhnow was advised of illegal activity at the residence by a confidential source, Kuhnow examined the contents of trash bags outside the residence and discovered marijuana, which he field tested and which "resulted in a positive color reaction for the presence of marijuana." (Doc. No. 6, Ex. 2 at 2.) Through the trash bag search, Kuhnow also discovered mail addressed to an individual with a criminal history of marijuana possession and failure to appear in court, at that same residence. The evidence of a physical specimen of a controlled substance, in combination with the other evidence was sufficient to allow a reasonable officer to believe further evidence of illegal activity could be found inside the house. The affidavit clearly provided sufficient probable cause to constitutionally and legally support the search. Thus the Court finds that as a matter of law, these facts do not establish a Section 1983 violation.

Defendant argues that in any case, Kuhnow is entitled to qualified immunity from the

Johnsons' Section 1983 claim since there was no Fourth Amendment violation, and even if there were, a reasonable person in Kuhnow's position would not have known that his actions violated any clearly established right.

A court determining whether an officer has qualified immunity must consider two factors: 1) if the facts alleged by the Plaintiff could establish a violation of constitutional rights, and 2) if the right at issue was "clearly established" at the time of the alleged violation. *Saucier v. Katz*, 533 U.S. 194 (2001). In *Pearson*, the Supreme Court held these factors could be addressed in any order. *Pearson v. Callahan*, 129 S. Ct. 808 (2009). Regarding the "clearly established" prong, "[o]fficers will be entitled to qualified immunity where, although they correctly perceived all the relevant facts, they made reasonable mistakes as to the legality of their actions. The key is whether existing law gave the officers fair warning that their conduct would be unconstitutional." *Cowles v. Peterson*, 344 F. Supp. 2d 472, 483 (E.D. Va. 2004) (quotation marks and citations omitted). Additionally, "[o]nly where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable, will the shield of immunity be lost." *Malley v. Briggs*, 475 U.S. 335, 345 (U.S. 1986).

As the Court has already found Plaintiffs fail to establish Kuhnow violated the Fourth Amendment in searching the house, Plaintiffs have failed to establish one of the two factors necessary to deny Corporal Kuhnow entitlement to qualified immunity. Because Kuhnow did not violate the Constitution in making the search, he is entitled to qualified immunity on this claim. The Court therefore grants summary judgment to Defendants on the Section 1983 claim.

### C.      Article 24 of the Maryland Declaration of Rights (Count V)

Plaintiffs also allege that Defendant Kuhnow violated Article 24 of the Maryland Declaration of Rights in searching the Johnsons' residence. Defendants argue that Plaintiffs have failed to state facts sufficient to support a claim for a violation of this Article because they have alleged only negligent behavior, and to make a claim under Article 24, they must allege that the officer behaved intentionally, maliciously, or recklessly.

Article 24 of the Maryland Declaration of Rights is the Maryland state counterpart to the Fourteenth Amendment of the United States Constitution, and is interpreted equivalently. Accordingly, "Supreme Court interpretations of the Fourteenth Amendment function as authority for interpretation of Article 24." *Pitsenberger v. Pitsenberger*, 410 A.2d 1052, 1056 (Md. 1980). "The Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (U.S. 1986).

Defendants argue that the facts cannot sustain an allegation of gross negligence or recklessness, explaining Kuhnow had probable cause to support the application for the warrant. The Court agrees that Defendant Kuhnow had sufficient probable cause to avoid an allegation of gross negligence in failing to further investigate whether the target of the search still resided at the Johnsons' residence.

Additionally, Defendants argue that Kuhnow is entitled to immunity as state personnel under the Maryland Tort Claims Act ("MTCA"), § 12-101 *et seq.* of the State Government Article, which provides, "State personnel, as defined in 12-101 of the State Government Article, are immune from suit in courts of the State and from liability in tort for a tortious act or omission that is within the scope of the public duties of the State personnel and is made without malice or

gross negligence." Md. Code, § 12-104 of the State Gov't Article. "The current language of the

Maryland Tort Claims Act plainly appears to cover intentional torts and constitutional torts as

long as they were committed within the scope of state employment and without malice or gross

negligence." *Lee v. Cline*, 863 A.2d 297, 304 (Md. 2004). Though "questions of malice require a

determination of motive and intent and frequently should not be disposed of by summary

judgment because they generally present a question for the fact-finder," *Ford v. Balt. City*

*Sheriff's Office*, 814 A.2d 127, 135 (Md. Ct. Spec. App. 2002), they do not always present

questions of fact. "[A]llegations of malice should not be submitted to a jury merely because

questions of intent are inherently intertwined within the counts. . . . Because a defendant's

subjective intent is an element of the plaintiff's claim, the plaintiff must point to specific

evidence that raises an inference that the defendant's actions were improperly motivated in order

to defeat the motion." *Ford*, 814 A.2d at 137 (citation omitted). Here, Plaintiff does not point to

any evidence that would give rise to an inference of gross negligence. Rather, the Court has

already found that he acted reasonably in finding probable cause to request a warrant.

Accordingly, the Court grants summary judgment to Defendants on the claim of violation of

Article 24 of the Maryland Declaration of Rights.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss, or Alternatively, for Summary Judgment. A separate Order will follow.


   May 12, 2010                                           /s/              
        Date                                           Alexander Williams, Jr.
                                                  United States District Judge